**Stephen W. Peterson**
Attorney at Law
California Bar No. 048468
964 Fifth Avenue, Number 214
San Diego, California 92101
Telephone No. (619) 544-1446
Facsimile No. (619) 544-1469

Attorney for Defendant:
**JUAN VALDERRAMA-ORTIZ**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. M. JAMES LORENZ)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. 07CR3477-L |
| ) | |
| Plaintiff, ) | Date:  July 14, 2008 |
| ) | Time:  2:00 p.m. |
| v. ) | |
| ) | STATEMENT OF FACTS AND |
| JUAN VALDERRAMA-ORTIZ, ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| Defendant ) | DEFENDANT'S MOTIONS: |
| ) | 1) TO COMPEL DISCOVERY |
| ) | (2) SUPPRESS POST ARREST |
| ) |     STATEMENT |
| ) | (3) PRECLUDE USE OF DEPORTATION |
| ) |     ORDER AS PROOF OF ALIENAGE |
| ) | (4) REQUIRE GOVERNMENT TO |
| ) |     PROVE ALIENAGE BEYOND A |
| ) |     REASONABLE DOUBT |
| ) | (5) GRANT LEAVE TO FILE FURTHER |
| _____ ) |     MOTIONS |

//
//
//
//

I.

**STATEMENT OF FACTS**

On November 15, 2007, agents of Immigration and Customs Enforcement (ICE), Marine Task Force, intercepted a small boat in coastal waters near Imperial Beach, California. One of the occupants of the boat is alleged to be Juan Valderrama-Ortiz, the defendant in this case.

Agents found allegations of previous convictions of crimes in the United States when they checked the defendant's background, and a record of deportation to Mexico. From the documentation provided to counsel as of the date of this filing, it is unclear what conviction Mr. Valderrama has suffered. Although the government has alleged the defendant was convicted of an aggravated felony, to date no discovery has been provided to counsel establishing that as fact.

As a result of his arrest and the preliminary inquiry of government agents, Mr. Valderrama stands accused of a violation of Title 8, United States Code, Section 1326(a).

II.

**POINTS AND AUTHORITIES**

**A. MOTION TO COMPEL DISCOVERY**

Defense counsel has received thirty-three pages of discovery in this case. Mr. VALDERRAMA moves for the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies " under United States v. Bryan, 868 F.2d 1032 (9th Cir.) cert. denied, 493 U.S. 858 (1989):

1  (1) <u>The Defendant's Statements</u>. Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant (see <u>United States v. McElroy</u>, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16 (a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements.

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defendant also specifically requests that all arrest reports, field interrogation reports, notes and dispatch tapes or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) <u>and Brady</u> <u>v. Maryland</u>, 373 U.S. 83 (1963). See also <u>United States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975), <u>cert. denied</u>, 424 U.S. 929 (1976); <u>United States v. Lewis</u>, 511 F. 2d 798 (D.C. Cir. 1975); <u>United States v. Pilnick</u>, 267 F. Supp. 791 (S.D.N.Y. 1967); <u>Loux v. United States</u>, 389 F. 2d 911 (9th Cir.), <u>cert. denied</u>, 393 U.S. 867 (1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements,

and prosecution reports pertaining to the defendant are available under Fed. R. Crim.P. 16(a)(1)(B) and (C) Fed. R. Crim. P. 26.2 and 12(i).

(3) <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(D), Mr. VALDERRAMA requests the reports of all tests and examinations conducted upon the evidence in this case, including any fingerprint comparison testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(4) <u>Brady Material</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(5) <u>Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.)</u>. As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.

(6) <u>The Defendant's Prior Record</u>. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Counsel has received a partial rap sheet as discovery in this case, but has not received any record of prior judgments of conviction.

1  (7) <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Fed. R. Crim.P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution…shall provide reasonable notice in advance of trial… of the general nature…" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(8) <u>Mr. VALDERRAMA Moves the Court for an Order Directing the Government to Produce A File Number A094393079</u>. It is imperative that Mr. VALDERRAMA be allowed to peruse and be provided with a copy of his entire immigration file in order to confront and/or contest the government's allegations presently lodged against him. This request includes any and all deportation tapes in the possession of the United States.

(9) <u>Request for Preservation of Evidence</u>. The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any evidence seized from any third party. It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

(10) <u>Tangible Objects</u>. The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or

1  copies of portions thereof which are material to the defense or intended for use in the
2  government's case-in-chief, or were obtained from or belong to the defendant.

3  (11) <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any
4  prospective government witness is biased or prejudiced against the defendant, or has a motive to
5  falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United
6  States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) <u>cert. denied</u>, 489 U.S. 1032 (1989).

7  (12) <u>Impeachment Evidence</u>. The defendant requests any evidence that any prospective
8  government witness has engaged in any criminal act, whether or not resulting in a conviction,
9  and whether any witness has made a statement favorable to the defendant. See <u>Fed. R. Evid.</u>
10 608, 609 and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).
11 See <u>United States v. Strifler</u>, 851 F. 2d1197 (9th Cir. 1988)(witness' prior record); <u>Thomas v.
12 United States</u>, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility).

13 (13) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant
14 requests any evidence that any prospective witness is under investigation by federal, state or
15 local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.), <u>cert.
16 denied</u>, 474 U.S. 945 (1985).

17 (14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth
18 Telling</u>. The defense requests any evidence, including any medical or psychiatric report or
19 evaluation, tending to show that any prospective witness' ability to perceive, remember,
20 communicate, or tell the truth is impaired; and any evidence that a witness has ever used
21 narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>,
22 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

23 (15) <u>Witness Addresses</u>. The defendant requests the name and last known address of
24 each prospective government witness. See <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir.

1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983)(failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979)(defense has equal right to talk to witnesses), cert. denied, 444 U.S. 1034 (1980). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

(16) Name of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.) cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

(17) Statements Relevant to the Defense. The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).

(18) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United Sates v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial.

      (19) <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

      (20) <u>Personnel Records of Government Officers Involved in the Arrest</u>. The defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source.

      (21) <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. VALDERRAMA requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. VALDERRAMA requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or an other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. VALDERRAMA prior to trial. Mr. VALDERRAMA specifically requests that the prosecutor, not the law enforcement officer, review the files in this case. The duty to review the files, under <u>Henthorn</u>,

1  should be the prosecutor's and not the officers'.  Only the prosecutor has the legal knowledge
2  and ethical obligations to fully comply with this request.

**B.  THE GOVERNMENT MUST PROVE THAT MR. VALDERRAMA'S ALLEGED STATEMENTS WERE MADE PURSUANT TO A KNOWING AND VOLUNTARY WAIVER OF HIS RIGHT NOT TO INCRIMINATE HIMSELF.**

When interrogation continues without the presence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived his privilege against self-incrimination and his right to retained or appointed counsel.  Miranda, 384 U.S. at 475.  A waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently, and voluntarily to be effective.  Schneckloth v. Bustamonte, 412 U.S. 218 (1973).  The standard of proof for a waiver of this constitutional right is high.  Miranda, 384 U.S. at 475.  See United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984)(the burden on the government is great; the court must indulge every reasonable presumption against waiver of fundamental constitutional rights).

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background experience, and conduct of the accused.  Johnson v. Zerbst, 304 U.S. 458,464 (1983).  See also United States v. Heldt, 745 F.2d at 1277; United States v. McCrary, 643 F.2d 323, 328-29 (5th Cir. 1981).

In determining whether a defendant's will was overborne, the totality of the circumstances must be considered.  Schneckloth v. Bustamonte, 412 U.S. 218,226 (1973).  Statements are deemed involuntary whether coerced by physical intimidation or psychological pressure.  Townsend v. Sain, 372 U.S. 293,307 (1962).  It must not be extracted by any sort of threats of violence, nor obtained by any direct or implied promises, however slight, nor by the

exertion of any improper influence. <u>United States v. Tingle</u>, 658 F.2d 1332, 1335 (9th Cir. 1981).

## C. THE GOVERNMENT MUST BE PRECLUDED FROM USING THE ORDER OF DEPORTATION AS EVIDENCE OF ALIENAGE

Mr. VALDERRAMA requests that the prior order of deportation be limited only for proof of a prior deportation not as proof of alienage. If this document is used to prove alienage it would violate the Due Process and the Confrontation Clauses of the United States Constitution. <u>See</u> <u>United States v. Hernandez</u>, 105 F.3d 1330, 1333 (9th Cir. 1996)(citing <u>United States v. Meza-Soria</u>, 935 F.2d 166, 170 (9th Cir. 1991), the Ninth Circuit has held that "the facts decided in arriving at the deportation order are not conclusive proof of alienage in a criminal proceeding".)

## D. BECAUSE THE GOVERNMENT MUST PROVE ALIENAGE BEYOND A REASONABLE DOUBT, MR. VALDERRAMA IS ENTITLED TO PUT THE GOVERNMENT TO ITS BURDEN OF PROOF ON THE ISSUE.

In a prosecution under section 1326, the Government must prove alienage beyond a reasonable doubt. <u>United States v. Ibarra</u>, 3 F.3d 1333, 1334 (9th Cir. 1993)(<u>citing United States v. Meza-Soria</u>, 935 F.2d 166,169 (9th Cir. 1991)). The Ninth Circuit has also held that factual findings from a prior deportation proceeding, where the burden of proof is "clear and convincing," are insufficient to establish the alienage element of a section 1326 offense. <u>Id</u>.

The <u>Meza-Soria</u> court held that a defendant is "entitled to put the government to its burden of proof on the issue of alienage." <u>Meza-Soria</u>, 935 F.2d at 170. Thus, at trial, a defendant "can present evidence to rebut the government's showing of alienage" so long as a triable issue of alienage has been established. <u>Ibarra</u>, 3 F.3d at 1335. Mr. VALDERRAMA

submits that evidence of his prior legal residence in the United States may, in fact, be probative to the element of alienage. Therefore, Mr. VALDERRAMA requests that the Court admit evidence of his prior legal residence in the United States, subject, of course, to an offer of proof at trial.

**E.  MR. VALDERRAMA REQUESTS LEAVE TO FILE FURTHER MOTIONS**

As additional information comes to light, due to the government providing discovery in response to these motions or an order of this Court, the defense may find it necessary to file further motions, and hereby requests the opportunity to do so. Specifically, following the anticipated review of Mr. VALDERRAMA's A file and deportation tapes, defense counsel anticipates that additional substantive motions will be necessary.

### III.
### CONCLUSION

For the foregoing reasons, Mr. VALDERRAMA respectfully requests that this Court grant the above motions.

Respectfully submitted,

Dated: June 30, 2008         /s/   Stephen W. Peterson
                             STEPHEN W. PETERSON
                             Attorney for Defendant
                             JUAN VALDERRAMA-ORTIZ

//

//

**Certification of Service**

I, Stephen W. Peterson, certify that on June 30, 2008, I served this Notice of Motions and Statement of Facts and Memorandum of Points and Authorities on Assistant U.S. Attorney Aaron B. Clark, by electronic means.

Dated: June 30, 2008          /s/  Stephen W. Peterson
                              STEPHEN W. PETERSON
                              Declarant